Argued and submitted October 4, 1996, affirmed April 30, 1997

STATE OF OREGON,
*Respondent,*

*v.*

RONALD H. SCHWIRSE,
*Appellant.*

(93-1147; CA A90725)

938 P2d 227

Richard A. Schwartz argued the cause and filed the brief for appellant.

Paula L. Lawrence, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant appeals his felony conviction for possession of a controlled substance. ORS 475.992(4). In August 1993, Officer Graham executed a search warrant at defendant's apartment and found one growing marijuana plant. The plant weighed 3.6 grams, less than one ounce. ORS 475.992(4)(f) makes possession of less than an ounce of dried marijuana leaves, stems and flowers a violation rather than a felony. Based on that statute, defendant moved for a judgment of acquittal on the felony charge on the ground that the marijuana that he had possessed weighed less than an ounce. The court denied the motion. Defendant assigns error to that ruling.

The case turns on the interpretation of ORS 475.992(4)(f), which provides:

> "Notwithstanding the placement of marijuana in a schedule of controlled substances [under the Oregon Revised Statutes], any person who knowingly or intentionally is in unlawful possession of less than one avoirdupois ounce of the dried leaves, stems and flowers of the plant Cannabis family Moraceae is guilty of a violation, punishable by a fine of not less than $500 and not more than $1,000."

Defendant argues that ORS 475.992(4) is ambiguous. He reasons:

> "The plain reading of this statute leads to two possible interpretations. One interpretation is that 'one avoirdupois ounce of the dried leaves, stems and flowers' describes a uniform system of measurement of the quantity of marijuana for which possession has been decriminalized[.]

> "The second interpretation is that possessing less than one ounce of *dried* leaves, stems and flowers of cannabis is a violation rather than a crime, and conversely, that possession of *any* amount of marijuana, no matter how small, is a felony unless the plant has been dried *and* all parts of the plant that are not leaves, stems and flowers have been removed."

The state contends that ORS 475.992(4)(f) plainly provides that, to qualify for the violation exception, the marijuana must be "dried" at the time it is "unlawfully possessed." Defendant argues, however, that, although the plain meaning of the statute should be followed when possible, in *determining* the plain meaning, the "intention of the legislature is to be pursued if possible." ORS 174.020. He argues that here the literal meaning of the statute is so at variance with the apparent policy of the legislation as a whole that the literal interpretation must give way and, when the legislative history of the statute is considered, it indicates that the legislature intended to decriminalize possession of marijuana when the quantity possessed weighs less than an ounce when dried.

We are not free to ignore the plain language of the statute. ORS 475.992(4)(f) states an exception to felony possession of marijuana for possession of less than an ounce of *dried* marijuana. That the statute omits growing marijuana from the exception, irrespective of weight, is not absurd or unreasonable, despite defendant's disagreement with that omission. The interpretation urged by defendant would require us to read ORS 475.992(4)(f) as providing an exception for unlawful possession of less than one avoirdupois ounce, *as measured when dried*, of the leaves, stems and flowers of the plant Cannabis family Moraceae. However, our role is to ascertain and declare what is in the statute, not to insert what has been omitted or omit what has been inserted. ORS 174.010. The trial court did not err.

Affirmed.